41 F.3d 1511
 Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Thomas STANTON, Plaintiff-Appellant,
v.
Donald GUDMANSON, Dan Buckler, Mike Paschke, et al.,
Defendants-Appellees.
 No. 93-3426.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 18, 1994.*
Decided Oct. 20, 1994.
 
 Before BAUER, RIPPLE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Thomas Stanton, a former inmate at Oshkosh Correctional Institution (OSCI), appeals the district court's dismissal for lack of any arguable legal basis of his section 1983 action against various prison officials for violating his right to due process. 28 U.S.C. Sec. 1915(d); 42 U.S.C. Sec. 1983; Neitzke v. Williams, 490 U.S. 319, 325 (1989). The OSCI disciplinary committee punished Stanton for aiding and abetting a battery, Wis.Admin.Code Sec. DOC 303.07, .12, because he offered another inmate $500 to strike a OSCI employee in the kneecap with a baseball bat. Stanton claims that the committee violated his civil rights by punishing him for complicity while finding insufficient evidence for conspiracy, a "lesser included offense." Id. Sec. DOC 303.21 note. We review the dismissal of this complaint for "abuse of discretion." Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). We affirm.
 
 
 2
 According to Stanton's version of the committee's "Reason(s) for Decision,"[1] the committee dismissed the conspiracy charge because it found the charge "redundant" and because it was "unsure if a completed agreement was made." (Appellant's Br. at 2.) Stanton asserts that "every element of the lesser offense is also an element of the greater offense." Wis.Admin.Code Sec. DOC 303.03 note. Thus, Stanton argues that by finding insufficient evidence to support an element of conspiracy, there was insufficient evidence to support the complicity charge.
 
 
 3
 However, the drafters of the administrative code expressly rejected the use of this technical definition of "lesser included offense," because it would "require analysis of the elements of each offense in individual cases, with inconsistency and confusion a likely result...." Id. Instead, they merely "labeled" offenses as "lesser included" in order to prevent sentencing for two "closely related offenses, when the inmate committed one act[.]" Id.
 
 
 4
 Stanton's technical approach, which implies the element of a completed agreement in every act of "aiding and abetting," directly conflicts with the express terms of section 303.07, "Aiding and abetting." This section includes both acting as an accessory after the fact, id. Sec. DOC 303.07(1)(d), and "[a]ssist[ing] another inmate during commission of an offense, whether or not this was planned in advance," id. Sec. DOC 303.07(1)(c) (emphasis added). Clearly, these provisions do not require a "plan or agree[ment] to do acts which are forbidden." Id. Sec. DOC 303.21(1) (conspiracy). We hold that the drafters' loose "labelling" approach does not require "aiding and abetting" to automatically include conspiracy's element of agreement.[2] To find otherwise would defeat the express language of the regulation.[3]
 
 
 5
 Given that section 303.07 does not necessarily require an agreement to pursue a common scheme or plan, we hold that the district court did not abuse its discretion in dismissing Stanton's complaint as frivolous. The disciplinary committee could find that Stanton told another inmate to commit a battery, id. Sec. DOC 303.07(1)(a), without needing to find a conspiratorial agreement. The committee's resolution of these two charges does not violate due process.[4]
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 Although we have not been provided with a copy of the Disciplinary Committee's report, we will assume that Stanton accurately recounts it for the purposes of this appeal
 
 
 [2]
 The drafter's notes almost made this point more clearly, but for a drafting error. As we construe the note: "In some cases an offense would [not] be a lesser included offense if the criminal law were used, yet it has been labeled as such. This is because the basic test in labeling certain offenses as 'lesser included' is fairness...." Wis.Admin.Code Sec. DOC 303.03 note
 
 
 [3]
 Our reading comports with Wisconsin law's concept of "aiding and abetting," which does not require the element of an agreement or common plan. Bautista v. State, 191 N.W.2d 725, 728 (Wis.1971) (criminal complicity does not require principal's awareness of assistance); Coopman v. State Farm Fire & Casualty Co., 508 N.W.2d 610, 615 (Wis.Ct.App.1993) (civil complicity requires (1) assisting unlawful act and (2) conscious intent to assist)), review. denied, 513 N.W.2d 406 (Wis.1993)
 
 
 [4]
 Having reconciled the committee's findings, we do not reach the issue of whether prison disciplinary hearings fall within a long line of criminal cases upholding inconsistent verdicts. E.g., Harris v. Rivera, 454 U.S. 339, 345 n. 12, 345-48 (1981) (holding that inconsistency in bench trial's verdict is not intolerable in itself); United States v. Berardi, 675 F.2d 894, 901 n. 15 (7th Cir.1982) (noting that, absent unusual circumstances, inconsistent jury verdicts are permissible)